UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

HEATH SALTER;           )
SHELLEY SALTER,         )
                        )
    Plaintiffs,         )
                        )
v.                      )   CIVIL ACTION NO. _____
                        )
SUNRISE CREDIT SERVICES INC., )
                        )
    Defendant.          )

## COMPLAINT

This is an action brought by the Plaintiffs, Heath Salter ("Heath Salter") and Shelley Salter ("Shelley Salter"), for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiffs also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

### PARTIES

2. The Plaintiffs are a married couple, residents and citizens of the state of Alabama, St. Clair County, and are over the age of twenty-one (21) years.

3. The Defendant, Sunrise Credit Services, Inc. ("Sunrise"), is incorporated in New York and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. The Plaintiffs incurred an alleged debt to a business not a party to this litigation. At some point thereafter, the debt was charged off and assigned and/or sold to Sunrise.

5. Upon information and belief, Plaintiffs believe the alleged debt arose from a consumer debt that arose in 2001.

6. The alleged debt of the Plaintiffs claimed by Sunrise was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

7. The principal purpose of Sunrise's business is the collection of debts.

8. Sunrise regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

9. Sunrise is a debt collector subject to the provisions of the FDCPA.

10. In the course of attempting to collect a debt allegedly due from the Plaintiffs to a business not a party to this litigation, Sunrise communicated with the Plaintiff in a manner which violated the FDCPA.

11. The Statue of Limitations had run on this alleged debt and the Defendant had no legal remedies to enforce the alleged debt, although it threatened to do so on multiple occasions.

12. In or about June 2004, the Plaintiffs started to receive collection letters from Sunrise regarding the alleged debts to "Wells Fargo Bank as Servicer." Sunrise was attempting to collect two (2) accounts, with totals of $11,644.37 and $11,535.35.

13. After a few collection letters, Sunrise ceased to contact the Plaintiffs again until September 2009.

14. In September 2009, the Plaintiffs began to receive collection letters again from Sunrise. This time collecting two (2) accounts for "Arrowood Indemnity/US Bank" for $18,008.32 and 17,870.97.

15. The collection letter dated September 21, 2009 stated that the Plaintiffs "refused to pay" and the Plaintiffs must "honor your word and pay this debt."

16. On or about September 28, 2009, an agent/employee of the Defendant initiated a call during which she identified herself as "Lisa" to Shelley Salter.

17. "Lisa" stated that she was trying to collect on a debt allegedly due from Joseph Salter that Shelley Salter cosigned on.

18. "Lisa" stated that Shelley was legally responsible to pay the debt and that she hoped that "it was worth it to you" when referring to Shelley Salter cosigning the agreement.

19. "Lisa" stated that if the alleged debt was not immediately paid, then the defendant would put a lien on the house that would "double the mortgage payment" and freeze the Plaintiff's bank accounts.

20. "Lisa" further stated that the only thing the Defendant was waiting on in regards to the property lien was a "parcel ID."

21. As a result of these threats, Shelley Salter became audibly upset during the conversation.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

27. The Plaintiffs adopt the averments and allegations hereinbefore as if fully set forth herein.

28. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiffs' alleged consumer debt.

29. The Defendant used false, deceptive, and misleading representations and means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, including, but not limited to, §§ 1692(2),(4),(5),(10) and (11);

30. The Defendant used unfair and unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f, including, but not limited to, § 1692f(1);

31. The Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse in violation of § 1692d including, but not limited to, § 1692d(5);

32. As a result of the Defendant's actions, the Plaintiffs are entitled to an award of statutory damages, costs, attorney fees, and actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

33. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

35. The Defendant knew or should have known that said conduct was improper.

36. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

37. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

38. As a result of the Defendant's negligence, the Plaintiffs suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

39. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

40. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

41. The Defendant knew or should have known that said conduct was improper.

42. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

43. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

44. As a result of the Defendant's recklessly and wanton conduct, the Plaintiffs suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF PRIVACY

45. The Plaintiffs adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

46. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

47. The Defendant undertook and/or directed communications to the Plaintiffs constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiffs' right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiffs into paying a debt.

48. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy. The Plaintiffs avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

49. Said communications constitute the wrongful intrusion into his and her solitude and seclusion.

50. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiffs to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

*** Respondeat Superior Liability ***

51. The acts and omissions of the agents/employees of the Defendant who communicated with the Plaintiffs complained of were committed within the scope of their employment or agency relationship with their employer or principal.

52. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform by

Defendant in the collection of consumer debts such as the consumer debt allegedly owed by the Plaintiffs.

53. By committing these acts and omissions against the Plaintiffs, the agents/employees were motivated to benefit their principal, the Defendant.

54. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees in their attempts to collect this alleged debt from the Plaintiffs.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA and state law claims;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendants on Plaintiffs' state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; and Invasion of Privacy; and

F. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFFS DEMANDS TRIAL BY STRUCK JURY**

_____
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_____
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233

_____
John C. Hubbard
ASB-8252-H46H
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233